# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SHAWN LOUIS JACOBS,

    Petitioner,

    v.                                               No. 17-CV-00774-JCH-KRS

ROBERTA LUCERO-ORTEGA,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, on Petitioner Shawn Louis Jacobs' Petition Under 28 U.S.C. sec. 2254 For Writ of Habeas Corpus By A Person In State Custody [Doc. 1]. Also before the Court is Petitioner's Motion for Appointment of Counsel [Doc. 3] and Motion For Time Extension [Doc. 6]. For the reasons explained below, Petitioner's motions will be denied, Petitioner's § 2254 petition will be recharacterized as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and Petitioner's § 2241 petition will be dismissed. Additionally, a certificate of appealability will be denied and judgment will be entered.

Petitioner's § 2254 petition and the attached exhibits reveal the following facts. On November 13, 1996, Petitioner was convicted in *State of New Mexico v. Jacobs*, D-202-CR-1994029111 and D-202-CR-1996-00263 of the following crimes: (1) first degree murder; (2) felony murder; (3) kidnapping; (4) attempt to commit criminal sexual penetration in the second degree; (5) armed robbery; (6) tampering with evidence; (7) tampering with evidence; (8) unlawful taking of a motor vehicle; (9) receiving or transferring a stolen vehicle; (10)

possession of a firearm or destructive device by a felon; (11) escape from jail; and (12) escape from a peace officer. [Doc. 1 at 8-10] Petitioner was sentenced to life imprisonment, followed by five years of parole, for the crime of first degree murder and a concurrent term of life imprisonment, followed by five years of parole, for the crime of felony murder. [Doc. 1 at 10-11] For the remaining convictions, Petitioner was sentenced to a total consecutive term of sixty-nine and one-half (69 ½) years of imprisonment, resulting in a total sentence of "**Life plus sixty-nine and one-half (69 ½) years**."[1] [Doc. 1 at 11-13 (emphasis in original)] The state court further ordered that, "pursuant to law, the [Petitioner] be placed on parole for five (5) years after release, if ever released, and be required to pay parole costs." [Doc. 1 at 14]

On July 27, 2017, Petitioner filed the present § 2254 petition, which challenges the order in which he is serving his sentences in case numbers D-202-CR-1994029111 and D-202-CR-1996-00263. [Doc. 1] Petitioner alleges that he is being forced to serve his consecutive sentence of sixty nine and one-half years of imprisonment before serving his life sentence. [Doc. 1 at 2] Petitioner contends that, despite the imposition of five years of parole following his release on his sentence of life imprisonment, the plain language of the sentencing court's Judgment, Sentence, and Commitment reflects the court's intent that he serve his sentence of life imprisonment first and his consecutive sentence of sixty nine and one-half years of imprisonment second. [Doc. 1 at 3] Alternatively, Petitioner asks the Court to amend the Judgment, Sentence, and Commitment, to effectuate the sentencing court's intent that he serve his sentence of life

---

[1]Originally, Petitioner was sentenced to death plus sixty-nine and one-half years of imprisonment, but the New Mexico Supreme Court reversed Petitioner's death sentence and, in 2002, Petitioner was re-sentenced to life plus sixty nine and one-half years of imprisonment. [Doc. 1 at 2, 8, 17; *see State v. Jacobs*, 10 P.3d 127 (N.M. 2000); *see also St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue")].

2

imprisonment before he begins serving his consecutive sentence of sixty-nine year and one-half years of imprisonment. [Doc. 1 at 4, 7]

I.  Petitioner's Motion For Appointment of Counsel Will Be Denied

On July 27, 2017, Petitioner filed a "Motion For Appointment of Counsel," because he "does not have reasonable legal access to be able to adequately defend himself." [Doc. 3] "[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Petitioner's § 2254 petition raises purely legal claims, which are neither novel nor complex. Petitioner appears to understand the legal issues and he has presented his claims in a cogent manner. Lastly, for the reasons explained below, the Court determines that Petitioner's legal claims lack merit. Therefore, Petitioner's "Motion For Appointment of Counsel" will be denied.

II.     Petitioner's Motion For Time Extension Will Be Denied

On August 29, 2017, Petitioner filed a "Motion For Time Extension," requesting an extension of time in which to pay the $5 filing fee. Petitioner explained that he timely submitted a request for the payment of the $5 filing fee, but "prison staff put a case number on the check that was not the Petitioner's case" and, as a consequence, the check was returned. [Doc. 6]

On August 10, 2017, the Court denied Petitioner's motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and ordered Petitioner to submit the $5 filing within thirty days. [Doc. 4] Petitioner's filing fee was due on or before September 9, 2017. On August 29, 2017, Petitioner timely paid the $5 filing fee. [Doc. 5] Because Petitioner timely submitted the $5 filing fee in accordance with the Court's order, Petitioner's motion for extension of time will be denied as moot.

III.    Petitioner's § 2254 Petition Will Be Recharacterized As A § 2241 Petition And Dismissed

A "state prisoner may bring a habeas action under [28 U.S.C. §] 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (internal quotation marks omitted). "Section 2241 is a vehicle for challenging pretrial detention . . . or for attacking the execution of a sentence," whereas a § 2254 petition "is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyoming Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence . . ., in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence . . . .") (citations omitted).

Petitioner has characterized his petition as a § 2254 petition, but he appears to challenge the execution, rather than the validity, of his state sentences. This Court has the authority to "ignore

4

the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" and "avoid an unnecessary dismissal" or "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381 (2003). In determining whether to recharacterize Petitioner's pro se § 2254 petition as a § 2241 petition, the Court notes that this is not Petitioner's first § 2254 petition challenging his state convictions and sentences in case numbers D-202-CR-1994029111 and D-202-CR-1996-00263. The Court will take judicial notice of the federal court docket, which reflects that Petitioner has filed two prior § 2254 proceedings, the first of which was adjudicated on the merits and the second of which was dismissed for lack of jurisdiction. *See Jacobs v. Bravo*, 04-CV-00551-MV-WPL, Docs. 22, 26, 27 (D.N.M. 2006) (denying Petitioner's § 2254 claims on the merits and dismissing his § 2254 petition with prejudice); *Jacobs v. Bravo*, 09-CV-00296-MCA-GBW, Docs. 12, 13, 14 (D.N.M. 2009) (dismissing Petitioner's second or successive § 2254 petition for lack of jurisdiction). As Petitioner was informed in his second § 2254 proceeding, this Court lacks jurisdiction over a second or successive § 2254 petition absent the requisite authorization of the United States Court of Appeals for the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization."). Because Petitioner's § 2254 petition appears to challenge the execution his state sentences, and because a second or successive § 2254 petition filed without the requisite authorization of the Court of Appeals would be subject to dismissal for lack of jurisdiction, the Court will recharacterize Petitioner's § 2254 petition as a § 2241 petition.

Title 28 of the United States Code, section 2241(c)(3) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3). "[C]laims of state law violations are not cognizable in a federal habeas action" under § 2241. *Montez*, 208 F.3d at 865. Although Petitioner alleges that the execution of his state sentences violates New Mexico state law and the New Mexico Department of Corrections' policy [*see* Doc. 1 at 2-3], he fails to allege that it violates federal law or the United States Constitution. Nor could he, since the United States Court of Appeals for the Tenth Circuit previously has held that "the order in which a prisoner serves a consecutive sentence is a matter of state law and does not raise federal issues cognizable on federal habeas review." *Eldridge v. Berkebile*, 791 F.3d 1239, 1244 (10th Cir. 2015) (internal quotation marks and citations omitted); *see also Apodaca v. Ferguson*, No. 96-8118, 1997 WL 618712, at *2 (10th Cir. Oct. 6, 1997) ("At most, petitioner is complaining about the order in which he is serving his sentences. Such sentencing matters are state law concerns that do not raise federal issues cognizable on federal habeas review.") (unpublished). It plainly appears that Petitioner is not entitled to relief on his § 2241 petition and, therefore, the petition will be dismissed with prejudice.

In a habeas proceeding, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts. To be entitled to a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's

6

conclusion that Petitioner's § 2241 petition fails to state a cognizable claim for relief and, therefore, a certificate of appealability will be denied.

IT IS THEREFORE ORDERED that Petitioner's "Motion For Appointment of Counsel" [Doc. 3] is DENIED;

IT IS FURTHER ORDERED that Petitioner's "Motion For Time Extension" [Doc. 6] is DENIED as moot;

IT IS FURTHER ORDERED that Petitioner's § 2254 petition is RECHARACTERIZED as a § 2241 petition; Petitioner's § 2241 petition is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE